### AMATO v. BRETTSNYDER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9186. Decided Oct. 29, 1928.

(Hughes and Justice, JJ. of the 3rd Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**TRIAL.**

(590 Jh) Judgment, void for want of jurisdiction over person of defendant, may be vacated on motion, irrespective of lapse of time.

(590 S) Leaving of summons at home of defendant's mother, where defendant did not live, defendant not having actually received summons, not sufficient service.

M. W. Vickery, Cleveland, for Amato.

Ray Metzner, Cleveland, for Brettsnyder.

HISTORY:—Action in Common Pleas by Amato, for damages for personal injury. Judgment for Amato. Vacated after term on motion of Brettsnyder. Amato brings error. Judgment affirmed. No action in Supreme Court prior to publication date.

### STATEMENT OF FACTS.

The action was brought in the common pleas court of this county, by the plaintiff, Lena D. Amato, against the defendant, E. E. Brettsynder, to recover damages for alleged personal injuries, caused, as she claimed, by his negligence. A finding was made, by the trial court, for the plaintiff, upon which a judgment was rendered. That judgment, on motion of defendant, filed after the term in which it was entered, was by the trial court ordered vacated. The vacation of the judgment, however, was suspended pending the trial of the cause on issues joined.

The reversal of the judgment of vacation **and suspension is the object of this proceeding** in error.

**JUSTICE, J.**

The question is, did the trial court err in **overruling the motion for a new trial?** A petition was filed on which a summons was issued and returned by the Sheriff showing residence service upon defendant: that by leave of court an amended petition was filed, upon which summons was issued and returned by the Sheriff showing defendant "Not found in his county;" that defendant filed no pleadings was not present in court, either in person or by counsel at any stages of the trial of this cause; and, that on the motion to vacate defendant by affidavit stated that he had never been served with summons in this cause.

It is the contention of counsel for plaintiff in error that the judgment could not be vacated by motion. That it must be by petition and that no petition was filed. With this contention we are not in accord.

Obviously the trial court had before it on the motion to vacate the question of its jurisdiction over the person of the defendant. If the trial court did not have jurisdiction over the person of the defendant, the money judgment was a nullity.

We quote from Freeman on Judgments, Vol. 1, page 477, Sec. 228:

"It is universally conceded that a judgment void for want of jurisdiction over the person of the defendant may be vacated on motion, irrespective of the lapse of time."

But, counsel for plaintiff in error insists that the decision of the trial court in vacating and suspending the money judgment, is not sustained by sufficient evidence. With this contention we do not agree.

Well might the sheriff have left the summons at the address given in the petition, and the defendant have not received it. The defendant testified that he did not live with his mother where the summons was left and that she did not deliver it to him. Manifestly the trial court believed him, and it is not for us to disturb the ruling of the trial court on this question of fact unless we find it to be clearly against the weight of the evidence. 22 O. S. 118. This we do not find. In fact in our opinion, the judgment of vacation is abundantly sustained by the evidence.

There are other questions presented by counsel for plaintiff in error in his brief, but as to them we express no opinion. They are not controlling of the question here.

Holding these views, it follows that the judgment of the court of common pleas should **be affirmed.**

(Hughes, J., concurs.)